IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MERLON HINES**                                                                **PLAINTIFF**

v.                                          CIVIL ACTION NO. ___1:22cv168 TBM-RPM___

**LOGICAL INNOVATIONS, INC.**                                          **DEFENDANT**
                                                                      **(JURY TRIAL DEMANDED)**

## COMPLAINT

Plaintiff Merlon Hines (Black) has worked for various contractors at the Stennis Space Center for almost forty years, most recently as a budget analyst. When he came to work for Defendant Logical Innovations, Inc. (LI), however, he was unlawfully pushed out of his position and ultimately terminated in favor of a much younger White woman. For these reasons, COMES NOW THE PLAINTIFF, and alleges as follows.

### PARTIES

1. LI is a for-profit corporation doing business in Mississippi.

2. LI has more than fifteen employees.

3. LI is an "employer" as defined by Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA).

4. LI is subject to 42 U.S.C. § 1981.

5. Mr. Hines is a former "employee" of LI as defined by Title VII and the ADEA.

6. Mr. Hines is Black.

7. Mr. Hines is a man.

8. Mr. Hines is sixty-four (64) years old.

1

## JURISDICTION

9. Jurisdiction is proper in this honorable Court under 28 U.S.C. § 1331 because this claim arises under federal law, specifically Title VII and the ADEA.

## VENUE

10. Venue is proper in this honorable Court under 28 U.S.C. § 1391 because all work at issue was located in and around Hancock County, Mississippi.

## EXHAUSTION

11. LI terminated Mr. Hines on September 30, 2021.

12. Mr. Hines filed a charge of discrimination with the Equal Employment Opportunity Commission (Charge No. 423-2022-00731) on March 29, 2022. Exhibit 1.

13. The charge alleged that LI terminated Mr. Hines on the bases of race, color, retaliation, and age. *Id.*

14. This charge was filed within 180 days of the events alleged in that charge.

15. On April 14, 2022, the EEOC issued a notice of right to sue to the Plaintiff. Exhibit 2.

16. Plaintiff brings this action within 90 days of his receipt of that right-to-sue notice.

17. Plaintiff has met the timeliness and administrative exhaustion requirements of the ADA to bring this suit.

## JURY DEMAND

18. Mr. Hines demands a trial by jury on all issues so triable.

## FACTS

19. Mr. Hines started work for LI on or around January 1, 2020.

20. Mr. Hines worked for LI in its National Aeronautics and Space Administration contract operations at Stennis Space Center in Hancock County, Mississippi.

21. Mr. Hines began work as a resources/budget analyst.

22. When he started work for LI, Mr. Hines had around thirty-eight (38) years of relevant experience.

23. Mr. Hines was the only Black employee in LI's Stennis Space Center operations.

24. When Mr. Hines started work for LI, Mr. Hines was sixty-three (63) years old.

25. Mr. Hines's first-level supervisor was Lisa Subat.

26. Ms. Subat is a White woman.

27. Mr. Hines's second-level supervisor was Lynn West.

28. Ms. West is a White woman.

29. When Mr. Hines started work for LI, his position was fully funded.

30. When Mr. Hines started work for LI, his co-worker Kristin Weyenberg worked a forty-percent-funded position.

31. Ms. Weyenberg is a White woman.

32. Ms. Weyenberg is younger than Mr. Hines.

33. On information and belief, Ms. Weyenberg had less relevant experience than Mr. Hines.

34. The quality of Mr. Hines's work was recognized by LI's customer, NASA.

35. On or around June 14, 2020, Mr. Hines received the NASA Exceptional Public Service Medal for his work. Exhibit 3.

36. However, on or around June 17, 2020, LI reassigned Mr. Hines.

37. Specifically, Ms. Subat and Ms. West reassigned Mr. Hines.

38. LI reassigned Mr. Hines to Ms. Weyenberg's forty-percent-funded position.

39. This forty-percent-funded position had less job security than Mr. Hines's original position.

40. With this reassignment, LI demoted Mr. Hines.

41. LI replaced Mr. Hines with Ms. Weyenberg, moving her into the fully-funded position.

42. With this reassignment, LI promoted Ms. Weyenberg at Mr. Hines's expense.

43. On information and belief, Ms. Subat and Ms. West knew or reasonably expected that the forty-percent-funded position would be eliminated.

44. On information and belief, Ms. Subat and Ms. West replaced Mr. Hines in the fully-funded position with Ms. Weyenberg in order to create a pretext to keep her and get rid of Mr. Hines when the less-funded position was eliminated.

45. LI demoted Mr. Hines on the basis of Mr. Hines's race.

46. LI demoted Mr. Hines on the basis of Mr. Hines's color.

47. LI demoted Mr. Hines on the basis of Mr. Hines's sex.

48. LI demoted Mr. Hines on the basis of Mr. Hines's age.

49. LI claimed that this reassignment would be temporary.

50. On information and belief, Ms. Subat and Ms. West knew that this reassignment would be permanent.

51. On or around April 12, 2021, Ms. West wrote a letter to Mr. Hines.

52. This letter criticized Mr. Hines's work performance.

53. The criticisms in this letter were false and/or pretextual.

54. This letter was an attempt to create a justification to lay off Mr. Hines.

55. Mr. Hines responded to this letter.

56. In his response, Mr. Hines corrected the falsities in Ms. West's letter.

57. By on or around September 15, 2021, Mr. Hines and Ms. Weyenberg were still working in their reassigned positions.

58. On or around September 15, 2021, Ms. Subat and Ms. West informed Mr. Hines that he was being "laid off."

59. Ms. Subat and Ms. West told Mr. Hines that his employment would end in two weeks.

60. Ms. Subat and Ms. West told Mr. Hines that he was being laid off because of a reduction in funding and a shift in LI's resources.

61. Mr. Hines's employment ended on or around September 30, 2021.

62. When Mr. Hines's employment ended, Ms. Weyenberg's employment continued.

63. Ms. Weyenberg continued working in the position that Mr. Hines had held before on or around June 17, 2020.

64. LI could have instead laid off Ms. Weyenberg and placed Mr. Hines back in the fully-funded position.

65. LI chose not to do so for reasons unrelated to Mr. Hines or Ms. Weyenberg's work performance or experience.

66. LI terminated Mr. Hines on the basis of Mr. Hines's race.

67. LI terminated Mr. Hines on the basis of Mr. Hines's color.

68. LI terminated Mr. Hines on the basis of Mr. Hines's sex.

69. LI terminated Mr. Hines on the basis of Mr. Hines's age.

## CAUSES OF ACTION

## COUNT I: AGE DISCRIMINATION UNDER THE ADEA

70. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

71. Under the ADEA, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's age.

72. Here, LI demoted Mr. Hines on the basis of Mr. Hines's age.

73. Here, LI terminated Mr. Hines on the basis of Mr. Hines's age.

74. Through this discrimination, LI violated the ADEA.

75. In doing so, LI harmed Mr. Hines.

COUNT II: RACE DISCRIMINATION UNDER TITLE VII

76. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

77. Under Title VII, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's race.

78. Here, LI demoted Mr. Hines on the basis of Mr. Hines's race.

79. Here, LI terminated Mr. Hines on the basis of Mr. Hines's race.

80. Through this discrimination, LI violated Title VII.

81. In doing so, LI harmed Mr. Hines.

COUNT III: COLOR DISCRIMINATION UNDER TITLE VII

82. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

83. Under Title VII, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's color.

84. Here, LI demoted Mr. Hines on the basis of Mr. Hines's color.

85. Here, LI terminated Mr. Hines on the basis of Mr. Hines's color.

86. Through this discrimination, LI violated Title VII.

87. In doing so, LI harmed Mr. Hines.

COUNT IV: SEX DISCRIMINATION UNDER TITLE VII

88. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

89. Under Title VII, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's sex.

90. Here, LI demoted Mr. Hines on the basis of Mr. Hines's sex.

91. Here, LI terminated Mr. Hines on the basis of Mr. Hines's sex.

92. Through this discrimination, LI violated Title VII.

93. In doing so, LI harmed Mr. Hines.

## COUNT V: RACE DISCRIMINATION UNDER § 1981

94. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

95. Under § 1981, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's race.

96. Here, LI demoted Mr. Hines on the basis of Mr. Hines's race.

97. Here, LI terminated Mr. Hines on the basis of Mr. Hines's race.

98. Through this discrimination, LI violated § 1981.

99. In doing so, LI harmed Mr. Hines.

## COUNT VI: COLOR DISCRIMINATION UNDER § 1981

100. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

101. Under § 1981, an employer is prohibited from taking an adverse employment action against an employee on the basis of the employee's color.

102. Here, LI demoted Mr. Hines on the basis of Mr. Hines's color.

103. Here, LI terminated Mr. Hines on the basis of Mr. Hines's color.

104. Through this discrimination, LI violated § 1981.

105. In doing so, LI harmed Mr. Hines.

## REMEDIES

106. Plaintiff seeks all remedies available, including but not limited to the following:
    a. Back pay;

b. Reinstatement and/or front pay, as appropriate;

c. Consequential damages and any other pecuniary harms flowing from Defendant's unlawful actions;

d. Pre- and post-judgment interest;

e. Attorney fees;

f. Costs;

g. An injunction curing Defendant's unlawful actions and prohibiting any future similar actions;

h. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

i. A final judgment declaring that Defendant's treatment of Plaintiff was unlawful; and/or,

j. Any other relief available under any applicable principle of law or equity.

Respectfully submitted on July 5, 2022,

                          MERLON HINES, Plaintiff

By:                        */s/ Jay Kucia*
                            Jay Kucia (MSB No. 106213)
                            Joel F. Dillard (MSB No. 104202)
                            *Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 North Congress Street
Jackson, Mississippi 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Facsimile: 601-509-1372
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)